**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R.1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2156-15T1

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

JUSTIN HUGHES,

    Defendant-Appellant.

_____

Submitted August 30, 2017 — Decided September 8, 2017

Before Judges Rothstadt and Vernoia.

On appeal from the Superior Court of New
Jersey, Law Division, Union County,
Indictment No. 11-02-0198.

Joseph E. Krakora, Public Defender, attorney
for appellant (Steven E. Braun, Designated
Counsel, on the brief).

Grace H. Park, Acting Union County
Prosecutor, attorney for respondent (Stephen
William Bondi, Special Deputy Attorney
General/Acting Assistant Prosecutor, of
counsel and on the brief).

PER CURIAM

Defendant Justin Hughes appeals from the denial of his petition for post-conviction relief (PCR) without an evidentiary hearing. For the reasons that follow, we affirm.

Defendant pled guilty to second-degree possession of a controlled dangerous substance with intent to distribute, N.J.S.A. 2C:35-5(a)(1), N.J.S.A. 2C:35-5(b)(2), and second-degree possession of a firearm while in the course of committing a narcotics offense, N.J.S.A. 2C:39-4.1(a). On October 26, 2012, the sentencing court imposed an aggregate sentence of eleven years subject to a three-year period of parole ineligibility.

The details of the events leading to defendant's arrest and conviction need not be repeated here for our purposes. Suffice it to say at the time defendant pled guilty, he had been charged in an eleven count indictment that exposed him to a possible sentence of sixty-five years, and the court had already denied his motion to suppress. His plea agreement called for the dismissal of all but two counts and recommend a maximum exposure of eleven years.

Defendant filed a direct appeal, and an excessive sentencing panel of this court affirmed his sentence but remanded the matter for the trial court to correct the judgment of conviction so that it reflected that the sentence on each

count ran consecutively. <u>State v. Hughes</u>, No. A-3621-12 (App. Div. June 3, 2014). The sentencing court entered an amended judgment of conviction on June 24, 2014.

Defendant filed a PCR petition on August 13, 2014, in which he did not argue any specific acts of ineffective assistance of counsel, but contended that while he recognized his petition could not be a substitute for direct appeal, "under the unique circumstances here present this matter falls under the exceptions . . . in R[<u>ule</u>] 3:22-4(a)."

A brief and amended petition were subsequently submitted on behalf of defendant. In the brief, defendant argued that he received ineffective assistance of counsel due to trial counsel's conflicts that were created by "ethics violations" and by counsel's "failure to call a key witness." Defendant also claimed that counsel failed to adequately "investigat[e] and prepare a defense," and properly cross-examine a State's witness, "did not use reports or testimony by a hired private investigator," and failed to supply a written notice of witnesses, consult with defendant to "prepare the case," and "develop mitigating circumstances for sentencing purposes." In addition, defendant explained that he filed an ethics claim

against trial counsel who was suspended from the practice of law after the date of defendant's sentencing.[1]

Judge Stuart Peim, who had decided the suppression motion and accepted his plea, denied defendant's petition after considering counsels' oral arguments by order dated August 26, 2015, accompanied by a sixteen-page statement of reasons. In his comprehensive written statement, Judge Peim reviewed defendant's contentions and the applicable law. Judge Peim also observed that trial counsel's ethics issues related to claims totally unrelated to defendant and were not the subject of any investigation or involvement by the same prosecutor's office that was responsible for the claims against defendant, but resulted in counsel being barred from the practice of law before defendant was sentenced. In addition, the judge found that defendant's allegations of ineffective assistance were not supported by any proof.

Defendant presents the following issues for our consideration in his appeal:

---

[1] In fact, trial counsel had been suspended after defendant pled guilty but before his sentencing. See In re Chambers, 217 N.J. 196 (2014). A different attorney appeared on defendant's behalf at sentencing.

POINT I

THE FACT THAT TRIAL DEFENSE
COUNSEL'S MISCONDUCT OCCURRED
OUTSIDE OF UNION COUNTY IS NOT
DISPOSITIVE OF THE ISSUE OF
WHETHER [DEFENDANT] WAS DENIED
EFFECTIVE ASSISTANCE OF COUNSEL;
RATHER, ANY INSTANCE OF ILLEGAL
CONDUCT BY AN ATTORNEY IN NEW
JERSEY SHOULD AMOUNT TO [PER SE]
INEFFECTIVE ASSISTANCE OF COUNSEL
FOR ANY CLIENT ABSENT A VALID
WAIVER BY THE CLIENT.

POINT II

TRIAL DEFENSE COUNSEL DID NOT
ADEQUATELY INVESTIGATE THE CASE,
THEREBY RESULTING IN INEFFECTIVE
ASSISTANCE OF COUNSEL.

We are not persuaded by any of these arguments. We conclude that defendant failed to make a prima facie showing of ineffectiveness of trial counsel, see Strickland v. Washington, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984); State v. Fritz, 105 N.J. 42 (1987), and affirm substantially for the reasons expressed by Judge Peim in his thoughtful written decision. Accordingly, Judge Peim correctly concluded that an evidentiary hearing was not warranted. See State v. Preciose, 129 N.J. 452, 462-63 (1992). We only add our observation that "allegations of defense counsel's . . . disciplinary problems are, standing alone, insufficient to establish that defense counsel's performance fell below an objective standard of

reasonableness, as required under the first prong under the Strickland/Fritz standard." State v. Allegro, 193 N.J. 352, 369 (2008). They may be relevant, however, if the questioned conduct that was the subject of such proceedings is similar to the issues raised on the PCR. Id. at 372. Defendant here failed to satisfy that standard.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION